UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
KELLY L. PINKNEY                              :
                                              :   CASE NO. 1:11-CV-253
            Plaintiff,                        :
                                              :
v.                                            :   OPINION & ORDER
                                              :   [Resolving Doc. Nos. 1 & 18]
MICHAEL J. ASTRUE,                            :
Commissioner of Social Security,              :
                                              :
            Defendant.                        :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this social-security disability benefits case, Plaintiff Kelly Pinkney objects to the Magistrate Judge's Report and Recommendation (R&R), which recommends affirming the Administrative Law Judge's (ALJ's) termination of benefits. For the following reasons, the Court **ADOPTS** the Magistrate Judge's R&R.

**I. Background**

In February 2000, Defendant Commissioner of Social Security found Plaintiff Pinkey disabled "due to mental retardation and an inability to handle stress." Hearing Transcript (Tr.) at 37. Then in September 2004, following a continuing-disability evaluation, Defendant Commissioner found Plaintiff was no longer disabled and terminated her benefits. Tr. at 37. Plaintiff requested an administrative hearing before an ALJ, which was held April 18, 2008. Tr. at 231. Plaintiff, who was represented by counsel at the hearing, testified that she completed the ninth grade and can "read and

Case No. 1:11-CV-253
Gwin, J.

write," Tr. at 234, and that she cares for her seven children, ages 5, 5, 6, 8, 11,14, and 15, Tr. at 233, 241-42.

On May 30, 2008, the ALJ issued a decision finding that Pinkney's disability had ended on August 31, 2004, and that she had "not become disabled again since that date." Tr. at 12. On December 16, 2010, the Appeals Council denied Pinkney's request for review. Tr. at 5. Accordingly, the ALJ's decision was the Commissioner's final decision.

Her administrative remedies exhausted, Pinkney asked this Court to review her case pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g). Under Local Rule 72.2(b), this matter was referred to Magistrate Judge James R. Knepp II for preparation of an R&R. The parties do not raise objections to the factual background as contained in the R&R, and the Court incorporates it herein by reference.

Magistrate Judge Knepp recommends that the Court affirm the ALJ's decision. The Magistrate Judge found that the ALJ applied the correct legal standards, *see* [Doc. 17, at 6-7], and that the ALJ's decision was supported by substantial evidence, *see id.* at 7-10. Specifically, the Magistrate Judge reached the following conclusions: (1) Substantial evidence supported the ALJ's decision to credit the opinions of Drs. Pawlarcyzk, Coffman, and O'Brien, who concluded Plaintiff was not disabled, over the opinion of Dr. Leventhal, who concluded that Plaintiff was disabled, *id.* at 7-9; and (2) Substantial evidence supported the ALJ's finding that Plaintiff's medical condition had improved to the point that she was no longer disabled as defined in Listings 12.05C and D, *see id.* at 9-10.

Pinkney has filed four objections to the Magistrate Judge's R&R: First, that the Magistrate Judge applied the incorrect standard of review because "reasonableness is the standard by which this Court evaluates the ALJ's decision," [Doc. 18, at 1]; Second, that "[t]he Magistrate [Judge]

-2-

Case No. 1:11-CV-253
Gwin, J.

mistakenly concluded that the ALJ weighed all four opinions [Drs. Leventhal's, Pawlarcyzk's, Coffman's, and O'Brien's] according to the factors set forth in 20 C.F.R. § 4[16].927(d)" because "the ALJ's decision does not contain an analysis of [those] factors," *id.*, at 2; Third, that Dr. O'Brien's testimony "cannot provide substantial evidence to support the ALJ's decision" because her "opinion is not based on medical evidence, but rather the absence of medical evidence," *id.*; And finally, that the ALJ's finding that Plaintiff's testimony was inconsistent and therefore not credible is not supported by substantial evidence, *id.*, at 2-3.

The Commissioner has not filed an objection.

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a *de novo* review of only those portions of the R&R to which the parties object. 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.

A final decision of the Social Security Commissioner made by an ALJ is not, however, reviewed *de novo*. Rather, a district court is limited to examining the entire administrative record to determine whether the ALJ's decision is "supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).[1]

Substantial evidence is evidence that a "reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence standard

---

[1] For this reason, Pinkney's first objection—that the ALJ's decision is reviewed for overall "reasonableness," *see* [Doc. 18]—fails. Pinkney goes on to state the correct standard of review. *See id.*

-3-

Case No. 1:11-CV-253
Gwin, J.

requires more than a "mere scintilla," but less than a preponderance of the evidence. *See id.* In deciding whether substantial evidence supports the ALJ's decision, a court should not "resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor should a district court focus, or base its decision, on a single piece of evidence. Instead, a court must consider the "record taken as a whole." *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980).

### III. Analysis

Generally, Pinkney complains that there was not "substantial evidence in the record to support the ALJ's decision that Plaintiff's condition had improved" since the time she had been awarded benefits. [Doc. 18, at 1.] At the outset, the Court observes that although the parties and the ALJ treated this as a case of "Medical improvement," Tr. at 14 (citing 20 C.F.R. § 416.994(b)(1)(i)), the record reflects what was really going on: Defendant Commissioner suspected that Plaintiff had never properly been entitled to benefits and had obtained them only by overstating the seriousness of her condition. *See* Tr. at 37-44. Nevertheless, because the parties frame their dispute in terms of medical improvement, the Court evaluates the ALJ's decision by evaluating whether substantial evidence supports the ALJ's finding "that, as of September 1, 2004, there had been a decrease in [the] medical severity of [Plaintiff's] impairment," rendering her able to work. Tr. at 14.

The opinion evidence before the ALJ was conflicting. One opinion—from Dr. Leventhal, who examined Plaintiff in March 2004—was that Plaintiff met the criteria in Listings 12.05C and D because "she has dysthymia . . . and has two or more marked areas of limitation." Tr. at 14, 168.[2]

---

[2] An impairment under Listing 12.05C requires "A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. 404, Subpart P, App'x 1, § 12.05C.

-4-

Case No. 1:11-CV-253
Gwin, J.

Three other opinions—from Drs. Pawlarcyzk, Coffman, and O'Brien—were that Plaintiff, though mildly mentally retarded, did not have an impairment imposing a limitation on her ability to work and that Plaintiff could perform unskilled labor. *See* Tr. at 171, 201, & 238.

Plaintiff Pinkney objects that the ALJ improperly evaluated the opinions of Drs. Leventhal, Pawlarcyzk, Coffman, and O'Brien because he did not consider the factors listed in 20 C.F.R. § 416.927(d). As the Magistrate Judge correctly observed, the weight given to a professional's medical opinion depends on (1) whether the professional examined the claimant, (2) whether the professional treated the claimant, (3) the supportability of the professional's opinion, (4) the consistency of the professional's opinion with the other record evidence, and (5) whether the professional is a specialist. [Doc. 17, at 8.]

Contrary to Pinkney's assertion, the ALJ considered these factors in reaching his decision. *See* Tr. at 14-16. As an initial matter, Pinkney was not treated by any of the four medical professionals who offered an opinion bearing on her disability. Accordingly, none of the opinions was entitled to controlling weight. *See* 20 C.F.R. § 416.927(d)(2). Furthermore, the ALJ properly observed that the opinions of the non-examining professionals "do not as a general matter deserve as much weight as those of examining or treating" professionals. Tr. at 16; *see* 20 C.F.R. § 416.927(d)(1) & (2).

Nevertheless, the ALJ gave greater weight to the opinions of Drs. Pawlarcyzk, Coffman, and

---

An impairment under Listing 12.05D requires "A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
   1. Marked restriction of activities of daily living; or
   2. Marked difficulties in maintaining social functioning; or
   3. Marked difficulties in maintaining concentration, persistence, or pace; or
   4. Repeated episodes of decompensation, each of extended duration."
20 C.F.R. 404, Subpart P, App'x 1, § 12.05D.

Case No. 1:11-CV-253
Gwin, J.

O'Brien than he did to the opinion of Dr. Leventhal because those opinions were consistent with the lack of objective medical evidence of impairment. *See* Tr. at 16; 20 C.F.R. § 416.927(d)(3) & (4). In particular, though Plaintiff had claimed that she could not "read and write" and "has hearing deficits" and sometimes "hear[s] voices," Tr. at 15, she had "never sought or received inpatient or outpatient mental health treatment," "had no difficulty comprehending or responding to questions posed" to her by a fraud investigator, Tr. at 16, admitted at the hearing that she *could* "read and write," and provided daily care for her seven children, Tr. at 234, 241. In addition, the ALJ gave greater weight to Dr. O'Brien's opinion because "she is a specialist, is familiar with the disability program, and has had the opportunity to review and evaluate the entire record, including both written documentation and hearing testimony." Tr. at 16; 20 C.F.R. § 416.927(d)(5) & (6). The ALJ properly considered the factors listed in 20 C.F.R. § 416.927(d).

Moreover, Plaintiff's complaint that Dr. O'Brien's opinion should have been discredited because it was "not based on medical evidence, but rather the absence of medical evidence," [Doc. 18, at 2], misses the point. Dr. O'Brien's opinion was indeed based on the absence of medical evidence—medical evidence that would have established Plaintiff's impairment. A lack of objective medical evidence of impairment of course supports the conclusion that the claimant does not, in fact, have an impairment. The only objective evidence of Plaintiff's impairment were her IQ tests, which demonstrated that she was mildly mentally retarded. But that alone would not be sufficient to satisfy Listings 12.05C or D; in addition, Plaintiff must have another "physical or mental impairment imposing an additional and significant work-related limitation of function," Listing 12.05C, or Plaintiff's low IQ generally must result in some "[m]arked restriction" or "difficulties" in the "activities of daily living," "in maintaining social functioning," or in "maintaining concentration,

Case No. 1:11-CV-253
Gwin, J.

persistence, and pace," Listing 12.05D.

The only evidence of these limitations were Plaintiff's own statements, which the ALJ properly discredited as inconsistent both with Plaintiff's observed capabilities, *see* Tr. at 16, and with Plaintiff's admissions about her capabilities, *see* Tr. at 234, 241. For this reason, substantial evidence supported both the ALJ's finding that Dr. O'Brien's opinion was entitled to "very substantial weight," and the ALJ's finding that Plaintiff's claims of significant limitations were "not credible." Tr. at 16.

### IV. Conclusion

For these reasons, the Court **ADOPTS** the Magistrate Judge's R&R and **AFFIRMS** the ALJ's decision.

IT IS SO ORDERED.


Dated: March 30, 2012                     s/     *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE